UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No. 2:26-cv-07435-SSC Date: November 2, 2026

Title Alexi Yousefi v. David Allen, et al.

Present: The Honorable Stephanie S. Christensen, U.S. Magistrate Judge

| Teagan Snyder | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) **Order to Show Cause Why Complaint Should Not Be Dismissed for Failure to Serve**

On July 9, 2026, Plaintiff Alex Yousefi brought a petition for writ of mandamus and complaint for injunctive relief. (ECF 1.) The complaint names two defendants: (1) David Allen, Chargé d'Affaires, a.i., U.S. Embassy in Armenia, in his official capacity; and (2) Marco Rubio, Secretary of the U.S. Department of State, in his official capacity. (*Id.* at 1, 5.) Plaintiff requested that the Clerk issue summonses (ECF 4) which were issued the same day (ECF 6).

On July 21, 2026, Plaintiff filed proof of service purporting to have served the summons and complaint upon the two defendants. (ECF 7.) On September 22, 2026, Plaintiff filed a motion for extension of time to file an answer (ECF 8), which was granted (ECF 9). On October 20,

2026, Plaintiff submitted a status report notifying the Court that Defendants failed to respond by the required deadline and detailing his efforts to obtain a response. (ECF 10.) Defendants' deadline to respond was October 19, 2026, but they have not yet done so or otherwise appeared in the action. Plaintiff requested that the Clerk enter default which was entered on October 30, 2026. (ECF 11; ECF 12.)

## I

Pursuant to Rule 4 of the Federal Rules of Civil Procedure, a defendant must be served with the summons and complaint no later than 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). Absent a showing of good cause, if a defendant is not timely served, "the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.*

To serve a United States agency or a United States employee sued only in an official capacity, service must be made upon the United States, and a copy of the summons and complaint must be sent to the agency or employee by registered or certified mail. Fed. R. Civ. P. 4(i)(2).

To serve the United States, a party must: (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; (B) send a copy of each by registered or certified mail to the Attorney General of the United

States at Washington D.C.; and (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer. Fed. R. Civ. P. 4(i)(1)(A)–(C).

## II

Because Defendants are officers and employees of the United States and are being sued in their official capacities, service of process is governed by Rule 4(i)(2) of the Federal Rules of Civil Procedure. Thus, Plaintiff was required to serve both the United States (discussed in Section II.B. below), and to send a copy to each defendant by registered or certified mail.

### A

As to sending the copies to each defendant, Plaintiff indicates that he "served, by mail, the Summons, Complaint, and the Notice together as one packet on each" defendant. (ECF 7 at 1.) He provides Certified Mail Tracking printouts from a website showing that a package for Defendant Allen was delivered and picked up at the post office in Washington, DC 20521 on July 20, 2026, and that a package for Defendant Rubio was delivered and picked up at the post office in Washington DC, 20521 on July 20, 2026. (ECF 7 at 5–6, 9–10.) Though the proof of service states that the packages were sent with return receipt requested (ECF 7 at 4, 8), no return receipt bearing a signature is provided.

Certified mail is "[m]ail for which the sender requests proof of delivery in the form of a receipt signed by the addressee." *Republic of*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-07435-SSC | Date: | November 2, 2026 |
| Title | Alexi Yousefi v. David Allen, et al. | | |

*Sudan v. Harrison*, 587 U.S. 1, 11 (2019) (citation omitted); *see also Olsen v. Mapes*, 333 F.3d 1199, 1202 (10th Cir. 2003) (agreeing with district court that service was not perfected under Rule 4(i)(1) in part because of unsigned return receipts). Here, Plaintiff has not demonstrated that any receipt of the summonses was returned or signed. The fact that the packages were picked up at a post office and mail room also does not resolve Plaintiff's failure to serve properly. *See Fuqua v. Turner*, 996 F.3d 1140, 1156 (7th Cir. 2021) (finding that the plaintiff bore the burden to prove whether the mail room was an authorized agent where the return receipts were signed by the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives mail room rather than the agents themselves).

There is an additional problem. Pursuant to 22 C.F.R. § 172.2(a), "only the Office of the Executive Secretariat . . . is authorized to receive and accept summonses or complaints sought to be served upon the [U.S.] Department [of State] or [its] employees." The regulations provide that that documents should be delivered or addressed to: "Congressional & Litigation Support Office, Office of the Executive Secretariat (S/ES–EX), Room 1464, 2201 C Street NW, Washington, DC 20520." *Id.* Copies should have been sent to this address as Defendants are both employees under the regulatory definition. 22 C.F.R. § 172.1(b).

Here, however, Plaintiff's proof of service purported to have sent the copies to both Defendant Rubio and Defendant Allen to the address: "The Executive Office, Office of the Legal Adviser Suite 5.600, 600 19th St. NW Washington, DC 20522." (ECF 7 at 3, 7.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-07435-SSC | Date: | November 2, 2026 |
| Title | Alexi Yousefi v. David Allen, et al. | | |

**B**

Plaintiff's service on the United States was similarly deficient. Plaintiff was required to serve both the Attorney General and the U.S. Attorney in this district. *See* Fed. R. Civ. P. 4(i)(1); *Morrissey v. Mayorkas*, 17 F.4th 1150, 1156 (D.C. Cir. 2021) ("To serve the United States, a plaintiff must serve the Attorney General and the U.S. Attorney for the district where the action is brought.").

Here again, Plaintiff provides Certified Mail Tracking printouts from a website as proof that a summons for Attorney General Todd Blanche was delivered and picked up at the post office in Washington DC 20530 on July 21, 2026, and a summons for First Assistant United States Attorney, Bilal A. Essayli was delivered at a front desk reception mail room in Los Angeles, California 90012 on July 20, 2026, but provides no return receipts. (ECF 7 at 13–14, 17–18.) Thus, Plaintiff has not shown proper service on the United States by certified mail, which "requires the addressee or his authorized agent to sign the return receipt." *Fuqua*, 996 F.3d at 1155 (finding that plaintiff failed to serve the Attorney General per Rule 4(i)(1) because plaintiff sent the Attorney General a copy of the summons and complaint by certified mail and the return receipt was unsigned).

Plaintiff's status report provides that Plaintiff had successfully served the United States Attorney's Office for the Central District of California on July 20, 2026, and that on September 18, 21, and 22, 2026, Plaintiff's counsel's staff emailed the U.S. Attorney's Office's Civil Chief and Office of Immigration Litigation to inquire about Defendants' response deadline and the assignment of counsel. (ECF

10 at 2.) On September 18, 2026, Plaintiff's counsel's staff also called the U.S. Attorney's Office and was told a response would be sent by email. (*Id.*) Despite these facts, and for the reasons stated above, Plaintiff has failed to serve the individual defendants and the United States.

## III

Due to these deficiencies, Plaintiff is ORDERED TO SHOW CAUSE why this action should not be dismissed for Plaintiff's failure to effectuate services as required by Rule 4. Plaintiff shall file a response to this order no later than **November 27, 2026. The Court will consider a proper response automatically discharging the OSC to include: (1) a document explaining why service was indeed proper, or (2) a request to (a) set aside entry of default under Rule 55(c) of the Federal Rules of Civil Procedure, and (b) extend the service deadline.**

**Plaintiff is cautioned that if he fails to file a timely response to the order as directed above, the action will be subject to dismissal without prejudice for failure to prosecute and obey Court orders pursuant to Rule 41 of the Federal Rules of Civil Procedure.**

**IT IS SO ORDERED.**

:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No. 2:26-cv-07435-SSC Date: November 2, 2026

Title Alexi Yousefi v. David Allen, et al.

**ts**
Initials of Preparer